```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

KEVIN McCLINTON,

                    Petitioner,              MEMORANDUM & ORDER
                                                21-CV-5222(EK)
           -against-

SUPERINTENDENT JAIFA COLLADO,

                    Respondent.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Court recently held oral argument on Kevin McClinton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* August 1, 2024 Minute Entry. Following that argument, McClinton, proceeding *pro se*, filed a letter seeking "to amend the petition to include" certain information contained in exhibits he attached. Mot. to Amend at 1, ECF No. 18. He indicated — for the first time on the record here — that one of the prosecution's key witnesses at trial, Lael Jappa, has since recanted his testimony. *See id.* In support, McClinton attached a copy of notes from a December 2020 interview of Jappa conducted by a Queens Assistant District Attorney in the office's Conviction Integrity Unit. *See* CIU Interview Notes, ECF No. 18-5.

        When a witness recants (or is alleged to have recanted) trial testimony, the applicable federal law is *United*

*States v. Agurs* and its progeny.  427 U.S. 97, 103 (1976). "Under this standard, the [Supreme] Court has said that the conviction must be set aside if (1) the prosecution knew, or should have known, of the perjury, and (2) there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *Drake v. Portuondo*, 321 F.3d 338, 344-45 (2d Cir. 2003).

On the current record, however, McClinton does not appear to have exhausted his proposed new claim.  And at this stage, it is not clear from his letter whether McClinton wishes to seek a stay and abeyance in order to exhaust any new claim, to waive the claim and proceed with his existing petition, or to pursue some other avenue.

Thus, the Court appoints Jacob Kaplan as counsel to McClinton.  Counsel is directed to enter his appearance by September 20, 2024.  Thereafter, and on or before October 10,

2024, counsel is directed to seek such relief as is appropriate, including but not limited to moving for a stay and abeyance.

       SO ORDERED.

                                          /s/ Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:    September 13, 2024
            Brooklyn, New York